**Robert W. BELL, II, Appellant,**

v.

**Jan Alma BELL, Appellee.**

**No. A2204.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 23, 1980.

Charles E. Martin, Martin & Martin, Houston, for appellant.

J. W. Lowes, III, Lowes, Walters & Swint, Martina Staples, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

Appellant Robert W. Bell complains in this divorce case that the trial court erred in (1) awarding his wife the family homestead thus making what appellant claims is an unfair division of the couple's community property, and (2) admitting the opinion of a caseworker for the Family Court Services of Harris County as to which of the parties should be the managing conservator of the parties' child, Davin. We affirm in part and reverse and remand in part.

The parties were married on January 5, 1975, and separated on November 18, 1977, and are the parents of one child. The wife has admitted that appellant used $15,000.00 of his separate funds as a down payment on the home the couple purchased after their marriage at a total cost of $62,000.00. The home was stipulated to have a value of $85,500.00 at the time of trial, and was then subject to a $46,500.00 mortgage. The balance of the community estate consisted of several shares of International Business Machines Company stock, three automobiles of which two were of small value, and various items of personal property. Two issues were submitted to a jury. In the first the jury agreed with a caseworker for the Family Court Services of Harris County, Sylvia Howard, in deciding the wife should be managing conservator of the child. Answering the second issue, the jury recommended that the couple's community property be divided 60% to the wife and 40% to the husband.

The court decreed an item by item division of the couple's personal property, awarded the homestead to the wife, and appointed her managing conservator.

Tex.Fam.Code Ann. § 3.63 (Vernon 1975) gives to the trial court wide discretion in making division of the property of the parties. There is no requirement that such division be equal, and, unless there is a clear abuse of discretion, appellate courts will not overrule the trial court's allocation. *Bell v. Bell*, 513 S.W.2d 20 (Tex. Sup.1974). We cannot say that in this case there has been an abuse of discretion in the total value of the distribution to each party, in light of their respective earning powers, capacities and abilities.

Having said that, we must still hold that there is error in the distribution. It is settled law in Texas that the character of marital property is determined by those conditions which exist at the inception of title. *Strong v. Garrett,* 148 Tex. 265, 224 S.W.2d 471 (1949). Where property is purchased partly with separate cash and partly with community credit, there comes into existence a tenancy in common between the separate and community estates in the proportion that each bears to the total purchase price. *Gleich v. Bongio,* 128 Tex. 606, 99 S.W.2d 881 (Tex.Comm'n App.1937, opinion adopted). Further, the trial court has no discretion to take the fee to separate real property of one party and give it to the other party. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex.Sup.1977). It follows that the trial court erred by allocating the entire fee to the homestead to the wife, when the husband's separate estate was entitled to 15/62nds thereof.

In his other point of error, appellant complains that the court below erred in allowing Ms. Howard to testify as an expert, and to offer her opinion that the welfare of the child would be best served by naming the wife the managing conservator.

Ms. Howard is a court investigator for the Family Court Services Division of the Juvenile Probation Department of Harris County, Texas. She holds a bachelor's degree in sociology and had been employed by the Family Court Services for approximately two and a half years at the time of trial, during which time she completed an average of four cases a month. She did a study of the case, in the course of which she interviewed both parties, and investigated in some detail the background of each. The trial court has broad discretion in determining whether a witness is qualified to testify as an expert, and this discretion is not subject to review in the absence of clear abuse. 2 McCormick & Ray, Texas Evidence, § 1400, p. 233 (2d ed. 1956). We hold that the trial court did not abuse its discretion in accepting Ms. Howard as an expert.

If in the sound discretion of the trial judge the opinion of an expert witness will aid the jury in its attempt to determine the truth, that opinion is admissible. *Barker v. Dunham,* 551 S.W.2d 41 (Tex.Sup.1977).

There was overwhelming evidence before the jury that the child's best interest would be served by his living with his mother, without the testimony of the case worker. Were there error in admitting her testimony, such error was harmless.

The judgment of the court below with regard to the division of the property is reversed and remanded for further proceedings in light of this opinion. All other parts of that judgment are affirmed.