**Morris SANDEL, III, Appellant,**

v.

**Frank B. BURNEY, Trustee Loper Mortgage Company, Appellees.**

**No. 04–85–00166–CV.**

Court of Appeals of Texas, San Antonio.

May 28, 1986.

Rehearing Denied June 23, 1986.

---

Earle Cobb, Jr., San Antonio, for appellant.

Frank Burney, Martin & Drought, North O. West, San Antonio, for appellees.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

CADENA, Chief Justice.

Plaintiff, Morris Sandel, III, complains of the action of the trial court in overruling his motion for summary judgment and granting the motion for summary judgment filed by defendants, Loper Mortgage Company and Frank B. Burney, in a suit in which plaintiff sought damages for breach of a warranty of title contained in a trustee's deed executed by Burney following foreclosure of a deed of trust lien in favor of Loper Mortgage.

The deed of trust was executed by John J. Bolinger and his wife to secure payment of money advanced by the mortgage company to the Bolingers to finance their purchase of the land in question. The original trustee was Joe Loper but, in conformity with the provisions of the deed of trust, Burney was named as substitute trustee and he conducted the foreclosure sale and executed the deed conveying the land to plaintiff.

In the trustee's deed Burney represented that he did "bind the [Bolingers], their successors and assigns forever, to warrant and defend the said premises against all persons claiming to or to claim the same or any part thereof." At the time of the foreclosure sale, the property was subject to a tax lien in favor of the United States and plaintiff, in order to protect his title, discharged the lien by payment of $10,-933.34.

Although the warranty in the deed from the trustee to plaintiff does not purport to bind defendants, plaintiff claims that Loper Mortgage Company is liable on the warranty as the successor or assign of the Bolingers, and that Burney is liable as the agent of Loper Mortgage Company. This contention lacks merit.

In all cases where a debt and a promise to repay are the foundations of the transfer, the transferee takes only a security interest in the property. Stated differently, the deed of trust creates only a lien and does not operate as a transfer of title. This has been the law in Texas for more than 100 years. *McLane v. Paschal,* 47 Tex. 365, 369 (1877). *See also Johnson v. Snell,* 504 S.W.2d 397, 399 (Tex.1973). Since the deed of trust creates only a lien and there is no conveyance *in praesenti* or *in futuro,* neither the grantee in the deed of trust nor the beneficiary is a successor or assign of the debtor who executed the instrument.

In conformity with the lien theory, a foreclosure sale transfers legal title from the owner of the mortgaged property to the purchaser at the foreclosure sale. *Slay v. Gose,* 233 S.W. 348, 349 (Tex.Civ. App.—Fort Worth 1921, no writ). The title never vests in the creditor, and the foreclosure deed is not a conveyance from the trustee or the creditor to the purchaser. In executing the foreclosure deed, the trustee does no more than effect the transfer of title from the debtor to the foreclosure purchaser. It follows that the warranty contained in the trustee's deed in this case does not bind the defendants but binds only the Bolingers.

Since the undisputed facts establish as a matter of law that defendants are not liable on the warranty of title, the trial court correctly denied plaintiff's motion for summary judgment and did not err in granting summary judgment in favor of defendants.