**Joe K. LEIGHTON Jr., Appellant,**

v.

**Linda Mae LEIGHTON, Appellee.**

No. 01–95–00562–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 21, 1996.

---

David B. Black, Houston, for Appellant.

Pamela R. Julian, Houston, for Appellees.

Before ANDELL, HUTSON–DUNN and O'CONNOR, JJ.

## OPINION

ANDELL, Justice.

We grant the appellant's motion to modify the judgment, withdraw our opinion of January 11, 1996, and substitute this in its stead. This is an appeal from a judgment of divorce and its resulting property division. We are asked to decide if the trial court improperly divested appellant, Joe K. Leighton Jr. (Kent), of his separate property. We hold that it did, and we reverse.

### Facts

Kent's parents created an irrevocable trust for Kent and his brother. On May 6, 1978, Kent received from this trust, by general warranty deed, an unimproved 320–acre ranch in Bandera County, Texas. On June 8, 1978, Kent married the appellee, Linda Mae Leighton. In 1981, the Leightons decided to build a home on this land, in part to protect it from creditors. They originally executed a note for $110,000 to a builder, secured by a mechanic's lien on the ranch. In 1982, after some intervening financial transactions, they executed a semi-annual installment note for $155,000 to the Federal Land Bank of Texas, secured by a deed of trust on the ranch. In the process of borrowing this money, the Leightons jointly executed the loan application, lien, note, and deed of trust. Both Kent and Linda Mae are liable for payments on this note. Although the note is secured by

the property, Linda Mae asserts the loan was made based on the couple's collective borrowing power.

After the parties separated in 1991, Linda Mae continued to make loan payments to the bank; she also continued to pay property taxes and insurance costs. Kent contends this ranch is his separate property. Linda Mae acknowledges the ranch was Kent's separate property, but testified Kent gave her a half interest in the ranch when they decided to build a homestead on it. She claims her continued payments were made in reliance on that gift. Kent denies giving Linda Mae any interest in the ranch. He testified he did not make a gift of the property to her and claims Linda Mae is named in the loan documents and deed of trust because the bank required her inclusion. There is no evidence concerning a gift from Kent to Linda Mae other than the testimony of the Leightons, and there is no deed conveying the property from Kent to Linda Mae.

■ The trial court found that the parties, by executing a deed of trust, had sold the property to the trustee and created a resulting trust.[1] Based on this finding and on the community property presumption, the trial court characterized the ranch as community property and awarded each of the parties an undivided one-half interest in the property.

### Division of the Property

In four points of error, Kent contends the trial court erred in dividing the property because it: (1) awarded Linda Mae an undivided one-half interest in the ranch, thereby divesting him of his separate property; (2) held the parties had sold the property to a trustee; (3) held a resulting trust was created; and (4) applied the community property presumption to the improvements made on the property.

### 1. Character of the Property

■ The separate or community nature of property is determined by the time and circumstances of its acquisition. *Carter v.*

*Carter,* 736 S.W.2d 775, 780 (Tex.App.—Houston [14th Dist.] 1987, no writ). Property owned by a spouse before marriage is characterized as separate property. TEX. FAM.CODE ANN. § 5.01(a)(1) (Vernon 1993); *Jensen v. Jensen,* 665 S.W.2d 107, 109 (Tex. 1984). Because Kent acquired the ranch before he married Linda Mae, we hold it was his separate property.

■ Linda Mae argues it is presumed on divorce that property acquired with borrowed funds which are being repaid with community income belongs to the community. The ranch, however, was not *acquired* with borrowed funds. It was *improved* with borrowed funds. Once separate property character attaches, that character does not change because community funds are spent to improve the property. *Carter,* 736 S.W.2d at 780. In addition, the character of property does not change because both parties sign a note, or because the names of both parties are on the deed of trust. In *Armstrong v. Turbeville,* the fact that a husband signed a note and pledged his separate property to secure a loan to improve his wife's separate property did not change her separate property to community property. 216 S.W. 1101, 1105 (Tex.Civ.App.—El Paso 1919, writ dism'd). In *Carter,* the husband, before his marriage, signed an earnest money contract to buy a house; he secured the contract with his own money. 736 S.W.2d at 779. At closing, after the couple was married, both parties signed the note and deed of trust. *Id.* The court refused to characterize the home as community property, and held that once the separate property character attached, it was immaterial that the deed was in both names, community funds had been spent, or that a community debt existed. *Id.* at 780. We sustain points of error one and four.

### 2. Deed of Trust

■ The trial court's ruling presumed the undertaking of a community debt and the execution of a deed of trust in the names of both parties was either (1) a sale that

---

1. A resulting trust is imposed based upon the equitable doctrine that valuable consideration, not legal title, determines the equitable title or interest resulting from a transaction. *Mills v. Gray,* 147 Tex. 33, 210 S.W.2d 985, 988 (1948).

changed the property into community property or (2) a transaction that created a resulting trust. Kent correctly notes a deed of trust creates a lien on property, but does not transfer title. *Sandel v. Burney,* 714 S.W.2d 40, 41 (Tex.App.—San Antonio 1986, no writ). A deed of trust does not pass legal title, but only equitable title. *Farm Credit Bank v. Snyder Nat'l Bank,* 802 S.W.2d 709, 713 (Tex.App.—Eastland 1990, writ denied). A sale is not the same thing as a mortgage. *Id.* In a deed of trust, the mortgagor conveys only the equitable title and retains the legal title, whereas a sale transfers legal title. *Id.* The transaction between the parties and the bank did not transfer legal title; therefore, it cannot be called a sale and Linda Mae is not buying the property. We sustain point of error two.

### 3. Resulting Trust

 The trial court defined the nature of the transaction as a resulting trust. There is no authority to suggest the execution of a deed of trust on separate property, for which both husband and wife are liable, creates a resulting trust for the benefit of the spouse who does not own the property. In *Girard v. Girard,* a married couple borrowed $135,000 from a savings association to construct a home on the husband's separate property. 521 S.W.2d 714, 716 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). Both husband and wife executed the note and the loan was secured by a lien on the property. *Id.* This Court recognized community reimbursement as the appropriate remedy when separate property is improved with community funds and noted that reimbursement did not create a right, title, or interest in land. *Id.* at 717. In *Bybee v. Bybee,* the court held that community funds used to make payments on separate realty did not create a resulting trust. 644 S.W.2d 218, 221 (Tex.App.—Ft. Worth 1982, no writ).

In *Wright v. Wright,* the Supreme Court of Texas noted, "It is familiar law that a trust must result, if at all, at the very time a deed is taken and the **legal title** vested in the grantee." 134 Tex. 82, 132 S.W.2d 847, 849 (1939) (emphasis added). Legal title was taken to the ranch when Kent acquired the general warranty deed, not at the time the deed of trust was executed. We hold that a mortgage loan secured by a deed of trust, obtained to improve separate property, and for which both parties apply and both are liable, does not create a resulting trust. We sustain point of error three.

### Conclusion

A trial court has great discretion in dividing property to attain a fair and just result. In attempting to achieve such a result, however, the trial court may not characterize separate property as community property. The trial court must find other measures to achieve equity. When a court mischaracterizes separate property as community property, the error requires reversal because a spouse is divested of separate property. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 140 (Tex.1977); *McElwee v. McElwee,* 911 S.W.2d 182 (Tex.App.—Houston [1st Dist.], 1995, n.w.h.).

We affirm that portion of the judgment granting the divorce. We reverse that portion of the judgment dividing the property and remand this cause to the trial court for a new division of property.