In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00122-CR
______________________________


ANNDELYN GUESS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court
Franklin County, Texas
Trial Court No. 09362


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          AnnDelyn Guess was convicted by a jury of interfering with the public duties of a
peace officer.


 The trial court assessed punishment at thirty days' confinement in the
county jail and a fine of $500.00. Imposition of sentence for the thirty days' confinement
was suspended, and Guess was placed on community supervision for a period of one year.
          Guess has filed an appeal pro se, asserting five points of error. In her first and third
points, she complains of the trial court's denial of her motion to suppress evidence. That
motion was based on what she contends was an unlawful search and seizure that took
place in her home. Guess contends in her second point the trial court erred in excluding
certain of her evidence at trial. In her fourth and fifth points, Guess contends the trial court
erred in denying her request for jury instructions. She argues that she was entitled to
instructions under Code of Criminal Procedure Article 38.23 (exclusionary rule) and Penal
Code Sections 9.31 (self-defense) and 9.33 (defense of third person). See Tex. Code
Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2004–2005); Tex. Pen. Code Ann. §§ 9.31,
9.33 (Vernon 2003).
          No reporter's record has been provided in this appeal. Guess filed with this Court
a "Statement Correcting the Docketing Statement" as follows:
Appellant, AnnDelyn Guess, filed her Motion Requesting Preparation of
Appellate Record furnished without charge on August 25, 2004. The trial
court heard this motion on September 10, 2004 and denied the motion. 
Appellant is financially unable to pay for the Reporter's Record, therefore the
Reporter's Record will not be furnished.

          An appellate record consists of "the clerk's record and, if necessary to the appeal,
the reporter's record." Tex. R. App. P. 34.1. Because none of Guess' five points of error
can be decided without a review of the evidence, we hold that a reporter's record is
necessary to this appeal. 
          In her lengthy brief before this Court, Guess makes extensive reference to written
statements and reports contained in the clerk's record that were filed in the trial court in
support of her motion to dismiss the charges. However, absent an agreed record pursuant
to Tex. R. App. P. 34.2, which we apparently do not have in this case, such statements and
reports cannot substitute for a certified reporter's record and cannot be considered by this
Court. See Yarbrough v. State, 57 S.W.3d 611, 616 (Tex. App.—Texarkana 2001, pet.
ref'd) (affidavits attached to appellant's motion filed with appellate court not part of
appellate record and cannot be considered); James v. State, 997 S.W.2d 898, 901 n.5
(Tex. App.—Beaumont 1999, no pet.) (appellate court may not consider documents
attached as appendices to motions).
          Because we have no reporter's record, we are precluded from making a proper
review of the evidence in considering the merits of Guess' appeal. Accordingly, all her
points of error are overruled.
 

          We affirm the judgment.

                                                                Donald R. Ross
                                                                Justice

Date Submitted:      January 6, 2005
Date Decided:         January 19, 2005

Do Not Publish




s checking account. The down payment of the Suburban was made from
this account. Kevin testified the $3,800.00 was used for "[e]xpenses, business, living and bills." 
Kevin testified it was possible some of the money was used to purchase the Suburban. Donna
testified that she believed she was entitled to a "refund" of the $3,800.00 if the Suburban was Kevin's
separate property. We note, when a specific piece of property is acquired as a result of a mixture of
the separate properties of the spouses, the property is held in a tenancy in common between the
separate estates in the proportion that each bears to the total purchase price. Bell v. Bell, 593 S.W.2d
424, 426 (Tex. Civ. App.--Houston [14th Dist.] 1980, no writ). However, Donna did not raise any
issue concerning mixed ownership in her pleadings, arguments to the trial court, or in her brief on
appeal. See Tex. R. Civ. P. 67, 301; Tex. R. App. P. 33.1; Pat Baker Co. v. Wilson, 971 S.W.2d 447,
450 (Tex. 1998) (appellate courts are prohibited from addressing unassigned error). 
3. We note there is some evidence community property might have been used to complete the
purchase of the Suburban. Kevin testified payments were made on the Suburban while he was
married to Donna. "Once the character of the property is fixed, the use of funds of another estate to
complete the purchase does not alter the character of the property, although the other estate may be
entitled to reimbursement for the funds contributed." Wilkerson v. Wilkerson, 992 S.W.2d 719,
722-23 (Tex. App.--Austin 1999, no pet.). At trial, Kevin objected to the introduction of evidence
concerning the community contribution based on the lack of "any pleadings on economic
contribution." After a brief discussion, the trial court instructed the parties to "move on." The record
does not contain evidence concerning the amount of community property that was used to satisfy the
debt on the Suburban. On appeal, Donna does not argue the community should have been
reimbursed for the contributions.
4. See Hamlin v. Featherston, No. 02-03-00078-CV, 2005 Tex. App. LEXIS 2733 (Tex.
App.--Fort Worth Apr. 7, 2005, no pet.) (mem. op.); Evans v. Evans, 14 S.W.3d 343, 347 (Tex.
App.--Houston [14th Dist.] 2000, no pet.) (mischaracterizing house as separate property); Tate, 55
S.W.3d at 12 (mischaracterization of community assets as separate property had a de minimus effect
on the division); Robles v. Robles, 965 S.W.2d 605, 622 (Tex. App.--Houston [1st Dist.] 1998, pet.
denied).
5. In re Morris, 12 S.W.3d 877, 880-81 (Tex. App.--Texarkana 2000, no pet.); McElwee, 911
S.W.2d at 189; see Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 140 (Tex. 1977).