

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00129-CV

_____

IN THE MATTER OF THE MARRIAGE OF
KEVIN W. KLUTH AND DONNA D. KLUTH

On Appeal from the County Court at Law
Rusk County, Texas
Trial Court No. 2006-10-495

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Kevin W. Kluth brings this appeal from the final divorce decree dissolving his marriage to Donna D. Kluth and dividing the marital estate. On appeal, Kevin raises two points of error alleging there is insufficient evidence that the 1999 Chevrolet Suburban was community property and that the trial court erred in awarding the vehicle to Donna.

Under the Texas Family Code, all property possessed by either spouse during or on dissolution of marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (Vernon 2006). To overcome the presumption that property possessed during the marriage is community property, clear and convincing evidence must be presented. TEX. FAM. CODE ANN. § 3.003(b) (Vernon 2006); *Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex. 1975); *Licata v. Licata*, 11 S.W.3d 269, 273 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Thus, we review the trial court's characterization based on the clear and convincing evidence standard. *Tate v. Tate*, 55 S.W.3d 1, 5 (Tex. App.—El Paso 2000, no pet.).

In reviewing the legal sufficiency of the evidence where the burden of proof is clear and convincing evidence, we consider all of the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the trier of fact resolved disputed facts in favor of its finding if a reasonable trier of fact could do so, and we

must disregard all contrary evidence that a reasonable trier of fact could have disbelieved or found to be incredible. *Id.*

In reviewing factual sufficiency challenges, we review all the evidence in the record, both supporting and opposing the trial court's findings. *In re C.H.*, 89 S.W.3d 17, 27–29 (Tex. 2002). We must give due consideration to evidence the trier of fact could reasonably have found to be clear and convincing. *Id.* at 25. Under the clear-and-convincing standard, we determine whether the evidence is such that the trier of fact could reasonably form "a firm belief or conviction" as to the truth of the allegations sought to be established. *Id.* We must consider whether disputed evidence is such that a reasonable trier of fact could not have reconciled that disputed evidence in favor of its finding. *J.F.C.*, 96 S.W.3d at 266.

Community property consists of the property, other than separate property, acquired by either spouse during marriage. TEX. FAM. CODE ANN. § 3.002 (Vernon 2006). Separate property includes "the property owned or claimed by the spouse before marriage." TEX. FAM. CODE ANN. § 3.001 (Vernon 2006). Whether property is separate or community is determined by its character at inception. *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001); *see Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. filed). Inception of title occurs when a party first has a right of claim to the property by virtue of which title is finally vested. *Zagorski v. Zagorski*, 116 S.W.3d 309, 316 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Smith v. Smith*, 22 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, no pet.). In order to prove certain assets

3

are separate property, the spouse must trace and clearly identify the property claimed to be separate. *Zagorski*, 116 S.W.3d at 316; *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex. 1973); *Tarver v. Tarver*, 394 S.W.2d 780, 783 (Tex. 1965). "Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property." *Zagorski*, 116 S.W.3d at 316; *In re Parker*, 997 S.W.2d 833, 837 (Tex. App.—Texarkana 1999, pet. denied).

The evidence conclusively established Kevin purchased the Suburban prior to his marriage. Kevin testified that he purchased the Suburban prior to his marriage to Donna and introduced an internet document showing he was the only owner of record.[1] Although Kevin and Donna were residing together at the time the vehicle was purchased,[2] they were not married and the vehicle was

---

[1]No objection was made to the admissibility of this document.

[2]There is some evidence that Kevin and Donna commingled their separate property prior to marriage. Both Kevin and Donna testified that Kevin deposited a $3,800.00 check which was the property of Donna into his checking account. The down payment of the Suburban was made from this account. Kevin testified the $3,800.00 was used for "[e]xpenses, business, living and bills." Kevin testified it was possible some of the money was used to purchase the Suburban. Donna testified that she believed she was entitled to a "refund" of the $3,800.00 if the Suburban was Kevin's separate property. We note, when a specific piece of property is acquired as a result of a mixture of the separate properties of the spouses, the property is held in a tenancy in common between the separate estates in the proportion that each bears to the total purchase price. *Bell v. Bell*, 593 S.W.2d 424, 426 (Tex. Civ. App.—Houston [14th Dist.] 1980, no writ). However, Donna did not raise any issue concerning mixed ownership in her pleadings, arguments to the trial court, or in her brief on appeal. *See* TEX. R. CIV. P. 67, 301; TEX. R. APP. P. 33.1; *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (appellate courts are prohibited from addressing unassigned error).

purchased in Kevin's name only.  Donna did not contest that the Suburban was purchased prior to the marriage or that Kevin was the only owner of record.

Because the purchase occurred prior to the marriage, the inception of title doctrine establishes that the Suburban was Kevin's separate property.  *See Parker*, 997 S.W.2d at 837 (a contract for deed prior to the marriage determined the character of the property as separate property).  The evidence is legally and factually insufficient to support the trial court's finding that the Suburban was community property.[3]  In dividing marital property upon divorce, Texas trial courts have broad discretion and their judgments will not be disturbed on appeal unless they clearly abuse that discretion. *McClary v. Thompson*, 65 S.W.3d 829, 833 (Tex. App.—Fort Worth 2002, pet. denied). The trial court clearly abused its discretion in awarding the Suburban, which was Kevin's separate property, to Donna.

Donna argues that if the trial court erred, any error is not reversible error.  Donna cites a number of cases for the proposition that separate assets mischaracterized as community property that

---

[3]We note there is some evidence community property might have been used to complete the purchase of the Suburban. Kevin testified payments were made on the Suburban while he was married to Donna.  "Once the character of the property is fixed, the use of funds of another estate to complete the purchase does not alter the character of the property, although the other estate may be entitled to reimbursement for the funds contributed." *Wilkerson v. Wilkerson*, 992 S.W.2d 719, 722–23 (Tex. App.—Austin 1999, no pet.).  At trial, Kevin objected to the introduction of evidence concerning the community contribution based on the lack of "any pleadings on economic contribution."  After a brief discussion, the trial court instructed the parties to "move on."  The record does not contain evidence concerning the amount of community property that was used to satisfy the debt on the Suburban.  On appeal, Donna does not argue the community should have been reimbursed for the contributions.

have "only a de minimis effect on the trial court's just and right division" does not constitute an abuse of discretion.[4] We note there is other authority that holds the mischaracterization of separate assets as community property results in reversible error without considering whether the mischaracterization has a *de minimis* effect.[5] These cases distinguish the mischaracterization of separate assets as community property from the mischaracterization of community assets as separate property. It is not necessary for us to resolve this possible inconsistency because the mischaracterization clearly has more than a *de minimis* effect on the community estate under the facts of this case. The trial court found the community estate included numerous household items: a motorcycle, the Suburban, a 1996 Ford Thunderbird, and a 2005 Ford Taurus. The Suburban formed a significant portion of the whole community estate as found by the trial court. The mischaracterization affected the overall size of the estate as well as the proportionate division of the community estate. As such, the mischaracterization is reversible error.

We note neither party requests we remand this case to the trial court for a new property division. Donna requests, if we determine the Suburban to be Kevin's separate property, that we

---

[4]*See Hamlin v. Featherston*, No. 02-03-00078-CV, 2005 Tex. App. LEXIS 2733 (Tex. App.—Fort Worth Apr. 7, 2005, no pet.) (mem. op.); *Evans v. Evans*, 14 S.W.3d 343, 347 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (mischaracterizing house as separate property); *Tate*, 55 S.W.3d at 12 (mischaracterization of community assets as separate property had a *de minimus* effect on the division); *Robles v. Robles*, 965 S.W.2d 605, 622 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

[5]*In re Morris*, 12 S.W.3d 877, 880–81 (Tex. App.—Texarkana 2000, no pet.); *McElwee*, 911 S.W.2d at 189; *see Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex. 1977).

award Donna "the sum of $8,900 . . . ."  An appellate court cannot render a new division of the property. *Jacobs v. Jacobs*, 687 S.W.2d 731, 732 (Tex. 1985).  Only the trial court may make a just and right division of community property.  *See* TEX. FAM. CODE ANN. § 3.306 (Vernon 2006); *Jacobs*, 687 S.W.2d at 732.  We have previously stated:

> If the mischaracterized property would have affected the trial court's just and right division, then the mischaracterization requires the appellate court to remand the entire community estate to the trial court for a just and right division of the properly characterized community property.

*Morris*, 12 S.W.3d at 881; *see Jacobs*, 687 S.W.2d at 733 ("once reversible error affecting the 'just and right' division of the community estate is found, the court of appeals must remand the entire community estate for a new division").

Because the mischaracterization of the Suburban affected the trial court's just and right division, we reverse the judgment of the trial court, render judgment that the 1999 Chevrolet Suburban was Kevin's separate property, and remand the case for a new property division of the community estate consistent with this opinion.

Bailey C. Moseley
Justice

Date Submitted:     May 21, 2008
Date Decided:     May 23, 2008

7