

# NUMBER 13-12-00517-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE ANTONIO DAVILA,                                              Appellant,

v.

HILDA GUADALUPE DAVILA,                                          Appellee.

### On appeal from the County Court at Law No. 7
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Longoria
### Memorandum Opinion by Justice Benavides

This is an appeal from a final divorce decree of the marriage of appellant, Jose

Antonio Davila, and appellee, Hilda Guadalupe Davila.   By one issue, Jose complains

that the trial court erred by mischaracterizing real property as community property. We reverse and render.

## I.  BACKGROUND

Jose and Hilda were married on August 4, 2002.   Seven years later, Jose filed an original petition for divorce alleging adultery.   Subsequently, Hilda answered, filed a counter-petition, and requested the issuance of a protective order, alleging that she had suffered physical and emotional violence by Jose.   Hilda also requested the court grant her exclusive possession of the parties' home.   In 2011, a bench trial was held to finalize the divorce.

At trial, Jose presented evidence that he was a retired Oregon police officer and drew a retirement check from an Oregon state employee pension fund.   Additionally, Jose managed a mutual fund.   The pension and mutual funds were obtained prior to his marriage to Hilda.   Jose also testified that, prior to his marriage, he sold a piece of real property that he owned in Edinburg, Texas for $98,300.   Jose testified that he used the $98,300 from the sale of the Edinburg property to fund the purchase and construction of a new lot and home in McAllen, Texas ("McAllen property").   Hilda testified that Jose used the household checking account to pay for the McAllen property in 2003 and admitted that she did not have any funds to pay for the construction of the McAllen property.   Hilda testified to depositing money in the checking account, but did not have any written documentation to support those deposits.   According to Hilda, Jose managed the couple's finances.   Jose testified that the funds used to construct the McAllen property were "absolutely" from separate funds that he possessed prior to his

2

marriage to Hilda. During the marriage, Jose admitted to periodically withdrawing money from his mutual fund and depositing it into his checking account. Jose also testified that he paid the property taxes and insurance on the McAllen property. Additionally, Jose admitted to purchasing items for the house with a credit card. Hilda did not dispute these facts.

During the Davilas' marriage, Jose also opened a hair salon called "Tinted Love." According to Jose, he purchased all "related supplies" and equipment necessary to run a three-seat beauty salon, while Hilda worked as the salon's sole employee. In order to cover the salon's daily expenses and replace his reduced assets, Jose would shift funds from the business's bank account to his personal bank account. The business's bank account contained Hilda's income. Jose admitted that he and Hilda would sometimes use Hilda's earnings to finance family trips, make car payments, and pay for day-to-day necessities.

At the conclusion of the divorce proceeding, the trial court awarded Jose: (1) his pension and mutual fund as separate property; (2) sole ownership to Tinted Love; (3) sixty-percent of the proceeds from the court-ordered sale of the McAllen property; (4) possession of his Dodge pickup. The trial court further ordered that Jose pay Hilda $1,200 and that he was responsible for sixty percent of the outstanding property taxes on the McAllen property. The trial court awarded Hilda: (1) all of Tinted Love's business equipment; (2) forty percent of the proceeds from the court-ordered sale of the McAllen property, temporary right of possession of the McAllen Property until the sale, and the obligation to pay forty percent of the outstanding property taxes on the McAllen property;

3

and (3) possession of the Nissan XTerra. This appeal followed.

## II. CHARACTERIZATION OF MARITAL PROPERTY

By his sole issue, Jose contends that the trial court erred by mischaracterizing the McAllen property as community property.

### A. Applicable Law and Standard of Review

Generally, all property possessed by either spouse upon the dissolution of the marriage is presumed community property. TEX. FAM. CODE ANN. § 3.003(a) (West 2011). To rebut this presumption, a party must show that the property is separate by clear and convincing evidence. *Id.* § 3.003(b). Clear and convincing evidence means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Id.* § 101.007 (West 2008). Separate property is property owned or claimed before marriage or acquired during marriage by gift, devise, or descent; and the recovery for personal injuries sustained during marriage, except any recovery for loss of earning capacity during marriage, *id.* § 3.001 (West 2006); while community property consists of property acquired by either spouse during marriage that is not separate property. *Id.* § 3.002 (West 2006).

The characterization of property as either community or separate is determined by the inception of title to the property. *Zagorski v. Zagorski*, 116 S.W.3d 309, 316 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In order to overcome the rebuttable presumption that property is community, a party must trace and clearly identify property claimed as separate property. *Vandiver v. Vandiver*, 4 S.W.3d 300, 302 (Tex.

4

App.—Corpus Christi 1999, pet. denied). Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.). The burden of tracing is a difficult, but not impossible, burden to sustain. *De La Paz v. De La Paz*, No. 13-07-00297-CV, 2009 WL 1238530, at \*6 (Tex. App.—Corpus Christi May 7, 2009, no pet.) (mem. op.). If the evidence shows separate and community property have been so commingled as to defy resegregation and identification, the burden is not discharged and the statutory presumption prevails. *Zagorski*, 116 S.W.3d at 316. Mere testimony that property was purchased with separate property funds, without any tracing of the funds, is generally insufficient to rebut the community presumption. *Id.* Any doubt as to the character of the property should be resolved in favor of the community estate. *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.).

A party who challenges the trial court's characterization of property must first establish error by challenging the legal or factual sufficiency of the evidence to support the separate property characterization, and must then conduct a harm analysis and show that because of the mischaracterization, the overall division of the property constitutes an abuse of discretion. *Viera v. Viera*, 331 S.W.3d 195, 207 (Tex. App.—El Paso 2011, no pet.).

In a legal sufficiency review:

a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting

5

a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). In a factual sufficiency review, the reviewing court must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id.* at 267. The inquiry must be one that asks whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the community property presumption was not rebutted. *See id.* Therefore, if, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.* In a non-jury trial, when findings of fact or conclusions of law are filed or requested, we must presume that the trial court made all the necessary findings to support its judgment. *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996).

Finally, the trial court has broad discretion in dividing the marital estate at divorce. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981). Upon appeal, we presume that the trial court properly used its discretion and will reverse the cause only where the trial court clearly abused that discretion, and only if the error materially affects the court's just and right division of the property. *Id.* The test for abuse of discretion is whether the court

6

acted without reference to any guiding rules or principles; the appropriate inquiry is whether the trial court's ruling was arbitrary or unreasonable. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990). We may not substitute our judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *See London Market Insurers v. Am. Home Assur. Co.*, 95 S.W.3d 702, 705 (Tex. App.—Corpus Christi 2003, no pet.). Under an abuse of discretion standard, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). When a trial court mischaracterizes separate property as community property, the error requires reversal because the spouse is divested of separate property. *See Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977) ("Trial courts have a broad latitude in the division of the marital community property, but that discretion does not extend to a taking of the fee to the separate property of the one and its donation to the other."); *Leighton v. Leighton*, 921 S.W.2d 365, 368 (Tex. App.—Houston [1st Dist.] 1996, no writ).

## B. Discussion

Jose asserts that he established by clear and convincing evidence that the McAllen property was his separate property. We agree. The record shows that the disputed property was constructed and possessed during the Davilas' marriage, which created the statutory presumption that it was community property. *See* TEX. FAM. CODE ANN. § 3.003(a). Thus, his burden was to establish the separate origin of the property through evidence showing the time and means by which the spouse originally obtained

possession of the property. *See Boyd*, 131 S.W.3d at 612. Jose attempted to meet this burden by unequivocally testifying that he used the $98,300 from the sale of the Edinburg property to fund the purchase and construction of the McAllen property. However, mere testimony in this context is insufficient. *See Zagorski*, 116 S.W.3d at 316. To that end, Jose also introduced documents which showed proof of the sale of the Edinburg property, mutual fund account balances prior to the marriage, and income tax returns for the relevant period of time before and during the construction of the McAllen property. This documentary evidence is sufficient for Jose to overcome the statutory presumption and show that the construction of the McAllen property was made entirely with his separate property, in light of the amounts claimed and transferred, and the undisputed testimony that Hilda did not bring in any income into the community property estate during the time of the construction of the home. *See Boyd,* 131 S.W.3d at 612.

We conclude that the evidence is legally and factually sufficient to establish that Jose successfully rebutted the community property presumption regarding the McAllen property by clear and convincing evidence. As such, the trial court erred in characterizing it as community property. This error divested Jose of his separate property and amounted to an abuse of discretion. *See Egglemeyer*, 554 S.W.2d at 142. Jose's sole issue is sustained.

### III. CONCLUSION

We reverse the trial court's judgment that characterizes and divides the McAllen property as community property and render that it is Jose's separate property and not

8

subject to the trial court's division.

 

 

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
1st day of August, 2013.