Louis CARRIERE et al., Appellants,

v.

Lillie Dorothy BODUNGEN, Appellee.

No. 780.

Court of Civil Appeals of Texas,
Corpus Christi.

July 31, 1973.

Willis & Willis, George P. Willis, Jr., El Campo, for appellant.

Duckett, Bouligny & Collins, Richard B. Collins, El Campo, for appellee.

## OPINION

NYE, Chief Justice.

This is an action brought by plaintiffs to obtain a declaratory judgment as to the status of properties belonging to the estate of Willard Bodungen, deceased. To do this, the court was called upon to interpret and construe the Last Will and Testament of Willard Bodungen. The judgment of the trial court sets out numerous determinations of various separate and community properties of the deceased. The plaintiffs, by their appeal, attack only the trial court's judgment as to four specific properties which the trial court had determined to be community property.

Willard Bodungen was married twice. Timothy and Tommy Bodungen, the two sons of his first marriage, along with the independent executor, were plaintiffs who brought suit aaginst the widow, the deceased's second wife. The deceased's first marriage ended in divorce in 1953. In March of 1963 he married Lillie Dorothy Bodungen, the defendant. This was her second marriage also. Of this union between the deceased and Lillie there was one child born, Gary Bodungen. This child and his mother, the defendant, would be partial recipients of the property determined to be community. If the property is separate, it would go to the two sons (Timothy and Tommy) of the first marriage.

In October of 1969 the decedent made and executed his Last Will and Testament. Excluding a rice allotment, he declared that all of his property was community. He died in April, 1971, whereupon his will was admitted to probate, and plaintiff, Carriere, qualified as independent executor of the estate.

To correctly decide the status of the property involved, we must look to the will and the evidence adduced during the course of the trial. The pertinent clauses of the decedent's will are as follows. Paragraph I was the customary introductory clause. Paragraph II stated:

"I was married to my wife, LILLIE DOROTHY BODUNGEN in March, 1963 and at that time I owned my present rice allotment, farm machinery, land, cattle, etc. However, in making this will, *I am considering all of my property over which I have testamentary capacity with the exception of the rice allotment to be community property* and I intend by this Last Will and Testament to dispose of only my interest in *said community property*. The rice allotment mentioned above is considered to be separate property since I owned it prior to my marriage." (Emphasis supplied).

In Paragraph III and Paragraphs IV the decedent gave his rice allotment, ¼ to his son Timothy, ¼ to his son Tommy (both plaintiffs), and ½ to his widow Lillie (defendant). There were certain conditions made as to the use of the rice allotments, but they are not pertinent to this appeal.

Parargaph V was the residuary clause. It stated:

"All of the remaining portion of my property, other than the rice allotment setout above, I hereby give and bequeath to my two sons, Timothy and Tommy Bodungen, share and share alike in equal portions, subject to the following exception."

In Paragraph VI he gave his widow the homestead together with five acres of land (this was the exception mentioned above in Paragraph V). Paragraph VI nominated his independent executor. Paragraph VII directed that no bond be required of the executor. In Paragraph IX the will provided for simultaneous death provisions of the husband and wife. This ended the will. There were no clauses containing specific devises or bequests of decedent's property other than the rice allotment and homestead.

The plaintiffs, in five points of error, attack the trial court's determination of the community property status as to four specific pieces of property. No complaint by plaintiffs is made of the trial court's determination of numerous other properties of the decedent, both real and personal, separate and community.

Appellants' third point of error complains of the trial court's determination that the defendant, Lillie Dorothy Bodungen, owned an undivided one-half interest in a 160 acre tract of land in Survey No. 7, as a result of a gift from her husband, the decedent. The decedent, in 1955, entered into a land trade or swap wherein he and his wife, Lillie Bodungen, as grantors, conveyed 152.65 acres in Survey No. 51 to a R. P. Lampley and wife, Marie Lampley. The grantors accepted in exchange the subject 160 acre tract of land from the Lampleys, in which Willard Bodungen, the deceased, and wife, Lillie Bodungen, were named grantees. It is undisputed that the above-mentioned 152.65 acres in Survey No. 51 was originally the decedent's separate property prior to his marriage. He owned the land free and clear of all liens.

The character of title to property as to whether it is separate or community property is generally determined as of the date it is vested. Speers, Marital Rights in Texas, § 392 (4th Ed. 1961). In the absence of evidence or proof to the contrary, the presumption is that the subject deed from the Lampleys to the Bodungens covering the 160 acres in Survey No. 70 was community property. See Family Code, Sec. 5.02, V.A.T.S. Generally, where the husband knowingly permits a deed to be made to his wife or to his wife and himself jointly, without recitations indicating a contrary determination, such act raises a prima facie presumption of a gift to the wife. Where the husband furnishes the consideration from his separate estate and takes title to the property in the name of his wife or in his wife and himself jointly, the presumption is that he intended the wife's interest to be a gift or an advancement from him. Tate v. Tate, 299 S.W. 310 (Tex.Civ.App.—Eastland 1927). Hampshire v. Hampshire, 485 S.W.2d 314 (Tex. Civ.App.—Fort Worth 1972). Compare Watson v. Morgan, 91 S.W.2d 1133 (Tex. Civ.App.—Waco 1936, err dism'd) and Van Zandt v. Van Zandt, 451 S.W.2d 322 (Tex.Civ.App.—Houston (1st) 1970, dism'd w. o. j.). This reasoning is fortified in the case before us by the decedent's act of naming his wife as co-grantor in the deed of his separate property to the Lampleys and correspondingly by permitting or instructing the Lampleys to name his wife as co-grantee in the deed of the subject property. The deed in question contains the legally operative granting and habendum clauses, which strongly evidences an intent by the decedent to make a gift of the property to his wife. In Tate v. Tate the court said:

"If the wife had not been named in the conveyance as a grantee, the plaintiff's allegation that the property was paid for with his own separate funds would have

been sufficient to constitute it his separate property, but, where she is named as a grantee, it would seem necessary under the authorities noted to allege facts which would show that it was not the intention to make a gift to his wife in taking the deed partly in her name where his separate funds were used in the purchase of the property."

In the Hampshire case, supra, where the husband and wife were both the grantees in the deed, the court said: "Where these facts are present, and there is no evidence to the contrary, courts presume and hold that each of the grantees acquire a one-half interest in the tract conveyed by the deed." In the case before us there was no evidence introduced to refute the presumptions of community property and/or gift. Appellants' third point is overruled.

Appellants' fourth point of error complains of the trial court's determination that the defendant, Lillie Bodungen, inherited under the will an undivided one-half interest in the 165 acres located in Survey No. 12 (except the five acre homestead).

The trial court made limited findings of fact. However, one of its findings of fact determined that the 165 acre tract of land in question was the separate property of Willard Bodungen at the time of his death. The court in its judgment stated that the "Last Will and Testament of Willard Bodungen, Deceased, as probated in Cause No. 6946, on April 8, 1971, of Wharton County, Texas, is hereby construed and adjudged to devise and bequeath to Lillie Dorothy Bodungen an undivided one-half interest in and to all of his property, both real and personal." The court then excepted the five acres where the homestead was located and the rice allotments, which were covered by the specific bequests in the will, continued and said:

"Under said Will, an undivided One-half (½) interest in One Hundred Sixty-Five (165) acres of land, more or less, described in the Deed from Ellwood to Bodungen, recorded in Volume 297, on page 387 of the Wharton County Deed Records; and being located in the Southeast Quarter (SE ¼) of the J. F. Morford Survey No. 12, Wharton County, Texas; SAVE AND EXCEPT Five (5) acres of land in the form of a square located in the extreme Southeast corner of said 165 acre tract; *was devised and bequeathed to Lillie Dorothy Bodungen by said Willard Bodungen.*" (Emphasis supplied).

The appellants contend that there is no section in the will which makes a specific devise of this property, and since it is undisputed that the property was the separate property of the decedent at the time of his death and held in his name before his marriage and was undisturbed thereafter, it cannot be community property. There was no evidence of a gift of the land during the marriage. The land in question must therefore be considered the separate property of the decedent as a matter of law, unless the decedent's statement in Paragraph II of his will changes the status of the property. In Paragraph II of the will the decedent states that he considered that all of his property over which he had testamentary capacity, with the exception of the rice allotments, was community property.

■■ It has long been the law in Texas that a declaration in a will that a testator had no separate property of his own or that his entire estate consists of his interest in the community property owned by his wife and himself does not have the effect of converting the separate property of a decedent into community property. Nor does this amount to an implied gift or devise of one-half of the separate estate to the wife. See 4 Page on Wills, § 30.18 (1963); Riley v. Johnson, 367 S.W.2d 82 (Tex.Civ.App.—Waco 1963). There is no clause in the present will specifically devising the 165 acre tract to Lillie Bodungen. We therefore hold that there was no implied gift to Lillie Bodungen by her husband's statement that all of his property

except the rice allotment was community property. This property being the separate property of Willard Bodungen is controlled by the residuary clause (Paragraph V) of the will, and it therefore belongs to the decedent's two sons, Timothy and Tommy Bodungen. The trial court's judgment is changed accordingly. Appellants' fourth point of error is sustained.

Appellants' first and second points of error concern the trial court's determination that the defendant owned a community one-half interest in a $10,000 certificate of deposit as a result of commingling or as a gift from her husband, the decedent. The trial court awarded defendant one-half interest in the $10,000 certificate of deposit as a result of commingling. In Paragraph two of the judgment the court by decree further held that in the event that the defendant did not acquire a one-half interest in the certificate of deposit as a result of the commingling that she acquired a one-half interest in the certificate as a result of a gift of an undivided one-half interest to her from her husband. In 1962 the decedent deposited the proceeds of two rice checks in the amount of $10,353.78 and opened a new checking account in the Louise State Bank. He thereafter withdrew $10,000 and purchased the certificate of deposit in question in his own name. An exhibit introduced into evidence shows that in all years except two the interest that accrued on the certificate of deposit was added to the principal and renewed annually thereafter. In March of 1970 the certificate of deposit was reissued to "Willard or Lillie Bodungen". At the time of Willard Bodungen's death the certificate of deposit in the name of Willard or Lillie Bodungen had a value of $13,398.77.

It is undisputed that at the time of the purchase of the certificate of deposit originally, the monies used were the separate property of the deceased. As a matter of law this separate property of the decedent was thereafter commingled with the community income of the estate. The general rule concerning resegregation of commingled funds was recently set out by Justice Denton in McKinley v. McKinley, Tex., 496 S.W.2d 540 (1973):

"In Tarver v. Tarver, 394 S.W.2d 780 (Tex.1965), this Court reiterated the basic presumption that all property possessed by a husband and wife when their marriage is dissolved is their community property. At the time Traver was decided the presumption was created by Article 4619, Sec. 1, Vernon's Texas Civil Statutes, and the presumption remains by the clear language of Section 5.02 of the Family Code, V.T.C.A.: 'Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.' It is the general rule that to discharge the burden imposed by the statute a spouse, or one claiming through a spouse, must trace and clearly identify property claimed as separate property, Tarver v. Tarver, supra; Wilson v. Wilson, 145 Tex. 607, 201 S.W.2d 226 (1947); Chapman v. Allen, 15 Tex. 278, 283 (1885). It is further well settled that when the evidence shows that separate and community property have been so commingled as to defy resegregation and identification, the burden is not discharged and the statutory presumption prevails. Tarver v. Tarver, supra; Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900 (1955)."

■ Tracing and resegregation have no place in the case before us since the status of this property was changed when the decedent ordered the certificate of deposit be reissued in both his name and his wife's name. A new presumption arose, that being of a gift from the husband to the wife. The evidence in the record shows that the decedent instructed the Louise State Bank to change the certificate of deposit from "Willard Bodungen" to "Willard or Lillie Bodungen". This act of instructing the bank to place the wife's name on the certificate of deposit as a co-owner results in the vesting of title in her accordingly. This joint ownership raises the presumption of a gift from the husband to the

wife. At this stage in the proceedings the burden of going forward with the evidence fell upon the plaintiffs to prove otherwise. Plaintiffs' only explanation was reliance on the bank officer's testimony, which at best was ambiguous. The bank officer stated that the decedent had instructed the bank to make the change so that "Mrs. Bodungen could tend to the business a lot of the time when he couldn't come due to his condition, and he wanted her to come in and do it." Although this language could be construed as placing the wife's name on the certificate of deposit for convenience or for the purpose of acting as agent for her husband, it could also be construed as permitting her to control this joint asset for her husband as well as herself. The evidence that is before us is that the title of this certificate of deposit is in the names of the decedent and his wife. The corresponding presumptions prevail in the absence of proof to the contrary.

▪ To test the sufficiency of the evidence on appeal to determine if it will support the trial court's finding of a gift of one-half of the certificate of deposit from the decedent to his wife, we must give credence only to the evidence and circumstances favorable to this finding and disregard the inferences and circumstances in the evidence to the contrary. Where the trial is by the court without the benefit of a jury, the findings of the trial judge will not be disturbed by an appellate court where there is some evidence of probative force to support these findings. This is so even though a court of civil appeals might have reached a different result. Since appellants' point of error is in effect a no evidence point, it is only where there is no evidence of probative force that the trial court's findings will be overturned. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953). Although the appellants attempt

to trace the decedent's separate funds, there is no probative evidence that overcomes the presumption of the gift of the certificate of deposit from the husband to the wife. We hold that there is evidence of probative force to sustain the trial court's finding of a gift, therefore we must uphold the judgment as it concerns this property. Renfro v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950).

▪ Appellants' fifth point of error complains of the trial court's determination that the cash in the checking account at the First State Bank of Louise was community property as a result of commingling. "Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." Family Code, § 5.02, V.A.T.S. The only evidence in the record concerning this account was the beginning ledger sheet showing the balance left over from the rice allotments after the purchase of the certificate of deposit in the amount of $353.78 in 1962. This was decedent's separate property. However, there was no attempt on behalf of the plaintiffs to trace this separate fund or to identify the amount that they claim to be separate property in this bank account. The plaintiffs made no effort to show any deposits, withdrawals, or the ending balance in connection with this account. We therefore hold that the proof as to the nature of this account is wholly inconclusive as to the status of the account. The plaintiffs were required to prove more than the beginning balance in order to trace the separate funds. McKinley v. McKinley, supra. Appellants' fifth point is overruled.

The judgment of the trial court is affirmed in part and reversed and rendered in part. Costs of this appeal are adjudged one-third to the defendant-appellee and two-thirds to the plaintiffs-appellants.