**Pamela Jean GALVAN, Appellant,**

v.

**Paul B. GALVAN, Appellee.**

**No. 12342.**

Court of Civil Appeals of Texas, Austin.

Feb. 25, 1976.

Rehearing Denied March 24, 1976.

Van Thompson, Jr., Austin, for appellant.

Paul T. Holt, and William F. Turman, Austin, for appellee.

O'QUINN, Justice.

Appeal in this cause is from action of the trial court, taken in divorce proceedings, by which the court in making division of property awarded a tract of 16.10 acres of land in Bastrop County to appellee, the husband.

Appellee sued for divorce and partition of separate and community property by suit filed in October of 1974, in which he alleged that the 16.10 acres were his separate property. Appellant answered claiming an undivided one-half interest in the tract. Inventories were ordered by the trial court, and the parties, in filing sworn inventories, made representations in conformity with their respective pleadings. Appellant claimed that the 16.10 acres of land had been acquired by the parties "as a gift of deed . . . from [the husband's parents]" in April of 1974, and that the land had "an approximate value of $2,000.00 per acre."

Trial was before the court without a jury, and on February 10, 1975, the court dissolved the marriage and granted divorce to appellee, but reserved ruling on division of the property until February 27, after which judgment was entered on April 7 in which personal property was divided between the

parties and the 16.10 acres were found to be separate property of appellee, and appellant was "divested of all right, title and interest therein."

The trial court found, in the final judgment, that appellee and his father had purchased the "16.10 acre tract of land [prior to the marriage] . . . and that after said marriage . . . Petitioner and Respondent [appellee and his wife] paid the balance of $600.00 on said real property, and the Court finds that the sum of $300.00, heretofore . . . [awarded appellant wife in the decree] is due by Petitioner to Respondent, said sum being one-half of the final payment on said tract of land . ."

Appellant relies on the deed from appellee's parents to appellee and appellant purporting to convey the 16.10 acres to both parties in consideration of love and affection "and other valuable consideration."

Under her first point of error appellant contends that the trial court erred in not giving effect to the deed from appellee's parents ". . . because (1) the evidence in opposition thereto violates the parol evidence rule, and (2) the court had no jurisdiction to set the deed aside." Appellant insists that in the absence of fraud, accident, or mistake, the terms of the deed may not be changed.

The trial court permitted introduction of parol evidence offered to rebut *prima facie* presumptions of a gift to appellant of an undivided one-half interest in the 16.10 acres. From the evidence the court concluded that the tract was the separate property of appellee. Appellant complains only that the evidence was inadmissible and does not challenge the probative value of the evidence.

In instances where the husband knowingly permits a deed to be made to his wife, or to him and his wife, jointly, without recitations indicating a contrary determination, such act raises a *prima facie* presumption of a gift to the wife where the husband furnishes the consideration from his separate estate. *Carriere v. Bodungen,* 500 S.W.2d 692, 694 (Tex.Civ.App. Corpus Christi 1973, no writ), and cases cited. The presumption is rebuttable, and parol evidence is admissible to rebut or to show that the gift was intended to be made to only one of the grantees. *Hampshire v. Hampshire,* 485 S.W.2d 314 (Tex.Civ.App. Fort Worth 1972, no writ); *Van Zandt v. Van Zandt,* 451 S.W.2d 322 (Tex.Civ.App. Houston (1st) 1970, writ dism'd). Recitals of a deed are not conclusive as to consideration, and inquiry by parol evidence may be employed to show the real consideration, if there was any. *Puckett v. Frizzell,* 377 S.W.2d 715, 721 (Tex.Civ.App. Tyler 1964, no writ); *Kleck v. Kleck,* 246 S.W. 720 (Tex.Civ.App. San Antonio 1922, no writ).

Parol evidence was admissible in this case to show either that the husband, if he furnished valuable consideration, did or did not intend to make a gift to his wife; or that the grantors did not intend to make a gift to the wife, even though she was one of the named grantees. It is elementary that whether the evidence, offered to rebut the presumption of a gift, established that there was no gift to the wife and that the land was the separate property of the husband, was for determination of the court as trier of the facts.

Appellant has preserved and presented no point of error under which she asserts that the evidence was insufficient to support the findings of the court or that it was against the weight and preponderance of the evidence. The record discloses evidence that supports the court's findings. In effect, appellant complains on appeal only that the trial court erred in admitting and considering the parol evidence, a contention we overrule, and has not challenged the findings of the trial court as not being supported by the evidence.

This Court is directed to "decide all issues presented . . . by proper assignments of error . . . whether such issues be of fact or of law . . ." (Rule

451, Texas Rules of Civil Procedure). Findings of a trial court unchallenged on appeal are binding on the parties and the appellate court. 3 Tex.Jur.2d, Appeal and Error, sec. 137, p. 517 (1974), and numerous cases cited.

 Since the findings of the trial court, upon which the judgment rests, are conclusive on the parties and this Court, we may not consider appellant's remaining points of error contending that the action of the court divested appellant of title to separate realty.

Judgment of the trial court is affirmed.

Affirmed.