Charles PURSER, Appellant,

v.

Lola PURSER, Appellee.

No. 8796.

Court of Civil Appeals of Texas, Texarkana.

July 29, 1980.

George L. Preston, Paris, for appellant.

Jesse L. Nickerson, Paris, for appellee.

HUTCHINSON, Justice.

This appeal concerns the property division in the parties' divorce judgment. At the end of the first trial of this cause, the court granted a joint motion for a new trial. The second trial, as was the first, was to the court and resulted in a judgment granting the divorce and dividing the property. The court appointed a receiver to sell the only real property owned by the parties in Texas, 2 tracts of land in Lamar County, and a number of items of personal property and ordered that the proceeds of the sale be divided equally between the parties. The court awarded each party some items of personal property. No children are involved in the divorce. No findings of fact or conclusions of law, other than those recited in the judgment, were requested or filed.

Mr. Purser appeals on four points of error. He asserts that the trial court erred 1) in awarding a one–half interest in the Lamar County property to appellee because he clearly traced his separate property in Arizona into the Lamar County property and because he rebutted any presumption that he intended to make his wife a gift of a half interest in the property; 2) in failing to allow him reimbursement for the contribution of his separate estate to the purchase of the Lamar County property if it is found to be community property; 3) in awarding appellee a one–half interest in a debt of $245.80; and 4) in awarding appellee a freezer as her separate property.

The Pursers were married on July 1, 1970, lived in Arizona for 2 years, then moved to Lamar County, Texas, where they resided at the time of the divorce. Mrs. Purser was 52 years old when she married. She had never been married before. For four years before her marriage she had lived with, and cared for, a widowed sister who supported her. She had never worked at a suitable job long enough to be entitled

to receive social security benefits when she reached retirement age. The only work she did after marriage was some babysitting. Mr. Purser retired in 1975 from construction work. Until 1975 he was winding down his business, but did bring in income from his work and equipment rentals. He receives retirement income from the union to which he belonged and social security. He also engages in some farming operations. He was previously married.

The Pursers purchased the two tracts of land involved here in July, 1972, during their marriage, with both parties being named grantees in the deed of conveyance. The consideration shown in the deed is the assumption of two notes payable to the First Federal Savings and Loan Association of Paris. The mortgage ledgers reflecting the note payments were introduced into evidence. The total amount owed on the notes was approximately $8,585.00. The ledgers reflect small payments from August through October and a large one for November, when the notes were paid off. Mrs. Purser testified that she wrote checks from the parties' checking account for the mortgage payments every month until the November payment. This last payment was made with money received by Mr. Purser from the sale of his house in Arizona. She could not remember if Mr. Purser received any money from the sale of his property in Arizona before she began making payments on the Texas property. Mr. Purser testified that he used the money from the sale of his Arizona residence to pay for the Texas property. He introduced the escrow instructions and purchase contract for the sale of the Arizona property. These reflect that the consideration for the Arizona property was $19,450.00, paid in three installments, the last of which was due on September 10, 1972. The parties' joint federal income tax return for 1972 reflected a rollover in personal residence. There is no documentary evidence showing the source of the Pursers' payments reflected on the mortgage ledger. The trial court found, in his judgment, that there was insufficient evidence to support a finding that Mr. Purser had traced his separate

funds into the Lamar County property and that, even if the funds used to buy the Lamar County property were Mr. Purser's separate funds, he did not present sufficient evidence to overcome the presumption that he made a gift to Mrs. Purser of a half-interest in the property when the deed was made out in both their names.

 All property possessed by a husband and wife at the dissolution of their marriage is presumed to be community property. *McKinley v. McKinley*, 496 S.W.2d 540, 542 (Tex.1973); *Tarver v. Tarver*, 394 S.W.2d 780 (Tex.1965); Tex.Family Code Ann. § 5.02. Furthermore, as the Supreme Court stated in *McKinley*: ". . . the general rule is that to discharge the burden imposed by the statute, a spouse, or one claiming through a spouse, must trace and clearly identify property claimed as separate property." Not only is the evidence here conflicting as to the nature of the Lamar County property, it is also insufficient to meet the appellant's burden of clearly tracing the source of the funds used to purchase the property. Mrs. Purser testified that appellant had worked during 1972 and brought in between $100.00 and $200.00 per week. No bank records or cancelled checks showing deposits or payments and their sources were introduced into evidence. There is nothing to show from where the earnest money, or the August, September, and October payments came. Mr. Purser's testimony that all money used in paying for the Lamar County property came from the sale of his Arizona property is not conclusive. The testimony of an interested witness without corroboration, even when uncontradicted, only raises an issue of fact. *Podolnick v. Hamilton*, 349 S.W.2d 715, 717 (Tex.1961); *Holcemback v. Holcemback*, 580 S.W.2d 877, 879 (Tex.Civ.App. Eastland 1979, no writ); *Huntley v. Huntley*, 512 S.W.2d 767, 770 (Tex.Civ.App. Austin 1974, no writ); *Kirtley v. Kirtley*, 417 S.W.2d 847, 853 (Tex.Civ. App. Texarkana 1967, writ dism'd); *Parmeter v. Parmeter*, 348 S.W.2d 51, 54 (Tex.Civ. App. Dallas 1961, no writ).

■ We hold that Mr. Purser has not overcome the presumption that the Lamar County property in the possession of the parties at the dissolution of their marriage is community property.

■ Even if Mr. Purser had conclusively shown that his separate property was used to purchase the Lamar County property, there is yet a presumption that Mrs. Purser owns a one–half interest in that property because the deed was taken in both parties' names. ". . . Where the husband furnishes the consideration from his separate estate and takes title to the property in the name of his wife or in his wife and himself jointly, the presumption is that he intended the wife's interest to be a gift or an advancement from him. . ." *Carriere v. Bodungen*, 500 S.W.2d 692, 694 (Tex.Civ.App. Corpus Christi 1973, no writ); *Galvan v. Galvan*, 534 S.W.2d 398, 400 (Tex. Civ.App. Austin 1976, writ dism'd). Mr. Purser testified that he did not intend to make a gift to his wife of any interest in the Lamar County property. He also testified that he had seen the deed to the property and signed it and had not disagreed with any of the actions taken by the realtor. There is no other evidence on this point. Once more, the rule that an interested party's testimony only raises an issue of fact applies. The appellant did not present sufficient evidence to establish conclusively that he did not intend to make a gift to his wife.

■ Appellant contends that, even if he is not entitled to the Lamar County property as his separate property, he is entitled to be reimbursed for the amount he contributed thereto from his separate estate. The right of reimbursement is an equitable right under the discretion of the trial court. *Horlock v. Horlock*, 533 S.W.2d 52, 56 (Tex. Civ.App. Houston–14th Dist.1975, writ dism'd). Tex.Family Code Ann. § 3.63 states that, ". . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party . . .". Where the trial judge fairly and justly exercises his discretion in dividing the parties' community estate, his decision will not be disturbed. *Horlock v. Horlock*, supra. Even though appellant did show that the last mortgage payment made came from his separate estate, unless the resulting property division is unjust, this court will assume that the trial court considered the contribution in making an equitable division of the property. *Horlock v. Horlock*, supra.

The Texas Supreme Court's recent decision in *Campbell v. Campbell*, 23 Tex.Sup. Ct.J. 391 (June 7, 1980), does not require a different result. Mr. Purser was not divested of title to his separate personal property.

■ The property division in this case actually favored the appellant. He was awarded significantly more personal property than appellee. He was awarded all his retirement benefits, so his steady source of income remains intact. He was also awarded one–half of the proceeds of the receiver's sale. Appellee has no steady source of income. She will have only her one–half of the proceeds of the sale. Considering the ages of the parties, their relative need for future support and their relative abilities, this division was neither unfair nor unjust. *Wilkerson v. Wilkerson*, 515 S.W.2d 52, 55 (Tex.Civ.App. Tyler 1974, no writ).

This Court has considered the last two points of error raised by the appellant and has determined that the trial court did not err in awarding the property as it did. The last two points are overruled.

The judgment of the trial court is affirmed.