**Luke Wayne HARRISON, Appellant,**

v.

**Bonny Caye HARRISON, Appellee.**

**No. 14–09–00470–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 2010.

Luke Wayne Harrison, Brenham, pro se.

George E. Thompson, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and SEYMORE.

## OPINION

JOHN S. ANDERSON, Justice.

This is an appeal from a final decree of divorce. Appellant, Luke Wayne Harrison, contends the trial court erred by awarding a one-half interest in a certain piece of real property to his ex-wife, appellee, Bonny Caye Harrison. Appellant argues the evidence does not support the trial court's finding appellant made a gift of one-half of the property to appellee.[1] We disagree and affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant and Appellee were married on November 16, 2006. During their marriage, appellant purchased 2 pieces of real property: one located in Burton, Texas (the Burton property) and another located on Jersey Lane in Brenham, Texas (the Jersey Lane property). Appellant purchased the Burton property in the month of March—appellee's birth month. Appellee testified appellant told her he was buying the Burton property as a birthday gift for her. Appellant used funds he received from a personal injury settlement to purchase the Burton property. The cash warranty deed for the Burton property listed the grantees as Luke W. Harrison (appel-

lant) and Bonny C. Harrison (appellee). Appellant testified that he did not purchase the Burton property as a gift for appellee's birthday; instead, he purchased it to start a horse training business.

Appellant also purchased the Jersey Lane property with funds he received from the personal injury settlement. Unlike the Burton property deed, the Jersey Lane property deed listed appellant as the only grantee. The trial court's award of a one-half interest in the Burton property to appellee is the only issue in dispute.

In the divorce decree, the trial court awarded a one-half separate property interest in the Burton property to both parties. In its findings of fact, the trial court found appellant made a gift of a one-half interest in the Burton property to appellee during the marriage. The court also found appellant retained a one-half interest in the Burton property.

On appeal, appellant contends the trial court erred by awarding the Burton property to appellee because (1) there is no writing conveying the Burton property to appellee, as required by the statute of frauds; and (2) there is no evidence supporting the finding of a gift.

### DISCUSSION

### I. Standard of Review

When reviewing a no evidence, or legal sufficiency, challenge, we review the evidence in the light most favorable to the challenged findings and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex.2005). We credit favorable evidence if a reasonable fact finder could, and disregard contrary evidence unless a rea-

---

1. In his first issue, appellant contends he timely filed his brief, despite appellee's contention it was not. This court previously resolved this issue by denying appellee's motion to strike appellant's brief and motion to dismiss and therefore we need not address appellant's first issue here.

sonable fact finder could not. *Id.* at 827. The evidence is legally sufficient if it would enable fair-minded people to reach the verdict under review. *Id.* The trier of fact is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Id.* at 819. This court cannot substitute our judgment for that of the trier of fact, so long as the evidence falls within the zone of reasonable disagreement. *Id.* at 822. But if the evidence allows only one inference, neither jurors nor the reviewing court may disregard it. *Id.*

## II. Presumptions

■ All property possessed by either spouse during or on the dissolution of the marriage is presumed community property. *See* Tex. Fam.Code Ann. § 3.003(a) (Vernon 2006). It is a rebuttable presumption, requiring a spouse claiming assets as separate property to establish his or her separate character by clear and convincing evidence. *See id.* § 3.003(b). Property owned before marriage, or acquired during marriage by gift, devise or descent, is separate property. *See id.* § 3.001. Where an asset is purchased during marriage with monies traceable to a spouse's separate estate, the asset may appropriately be characterized as separate property. *Pace v. Pace,* 160 S.W.3d 706, 711 (Tex.App.-Dallas 2005, pet. denied).

■ A second presumption arises from the facts here. Where one spouse uses separate funds to purchase property during marriage and takes title to the property in joint names, we presume a gift to the spouse is intended. *Cockerham v. Cockerham,* 527 S.W.2d 162, 168 (Tex. 1975). This presumption may be rebutted by evidence establishing no gift was intended. *Id.* A rebuttable presumption shifts the burden of producing evidence to the party against whom it operates. *Gen. Motors Corp. v. Saenz,* 873 S.W.2d 353, 359 (Tex.1993). Once the burden is dis-

charged and evidence contradicting the presumption has been offered, the presumption disappears and is not weighed or treated as evidence. *Id.*

## III. Analysis

### A. Statute of Frauds

■ Appellant contends because there is no writing conveying the property from him to appellee, any finding of appellee's ownership runs afoul of the statute of frauds. *See* Tex. Bus. & Com.Code Ann. § 26.01(b)(4) (Vernon 2009). The statute of frauds requires a contract for the sale of real estate to be in writing and signed by the person to be charged with the contract or by someone lawfully authorized to sign for him in order for the contract to be enforceable. *See id.* The Burton property cash warranty deed entered into evidence establishes the Burton property was conveyed from "WALTER CARL HINZE and DEBORAH LEE HINZE" on March 3, 2008 to "LUKE W. HARRISON and BONNY C. HARRISON". The deed is signed by the parties to be charged: Walter Carl Hinze and Deborah Lee Hinze. This deed satisfies the requirements of the statute of frauds. Because the Burton property was initially conveyed to appellant and appellee, there is no need for another document conveying the property from appellant to appellee. Appellant's argument regarding the statute of frauds is without merit and is overruled.

### B. Sufficiency of the Evidence

■ The parties do not dispute appellant purchased the Burton property with separate funds. Appellant received the funds from a personal injury settlement. *See* Tex. Fam.Code Ann. § 3.001(3) (Vernon 2006) ("[a] spouse's separate property consists of: (3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss

of earning capacity during marriage"). Thus, we must address whether appellant rebutted the presumption he intended to make a gift to appellee when he put the Burton property in both of their names.

The testimony from the parties is conflicting: (1) appellee testified appellant gave her the property as a birthday gift; and (2) appellant testified he purchased the property to start a horse training business. In its findings of fact, the trial court found appellant made a gift to appellee of one-half the Burton property. The cases applying this presumption are inconsistent as to what it takes to rebut the presumption. *See Cockerham*, 527 S.W.2d at 168 (holding presumption rebutted where wife testified she paid little attention to the property, never saw the deed, and husband testified he merely thought of the property acquisition as a business opportunity); *Purser v. Purser*, 604 S.W.2d 411, 414 (Tex.Civ.App.-Texarkana 1980, no writ) (holding presumption not rebutted where husband testified he did not intend to make a gift to his wife, but that he read the deed containing wife's name and did not dispute); *In re Marriage of Morris*, 12 S.W.3d 877, 883 (Tex.App.-Texarkana 2000, no pet.) (holding presumption not rebutted where husband testified he placed wife's name on deed only in interest of marital harmony); *Long v. Long*, 234 S.W.3d 34, 40 (Tex.App.-El Paso 2007, pet. denied) (holding presumption "Vanished" where husband testified he did not intend to make a gift).

We conclude appellant rebutted the presumption by testifying he did not intend to make a gift and by providing an alternative reason for purchasing the property. This conclusion, however, is not dispositive of the appeal. As stated above, after the burden is discharged and evidence contradicting the presumption has been offered, the presumption disappears and is not weighed or treated as evidence. *Gen. Mo-*

*tors Corp.*, 873 S.W.2d at 359. The evidence is then evaluated as it would be in any other case, and the presumption has no effect on the burden of persuasion. *Long*, 234 S.W.3d at 37.

Appellee testified appellant gave her the Burton property as a gift so she could reside there the rest of her life and raise her children. She explained appellant bought her the property as a birthday gift during her birthday month. During cross-examination appellant's counsel asked appellee how she was presented with the gift and she responded as follows:

A: We went out and looked at it. He [appellant] was like, are you happy with this? Is this something you would want to live in for the rest of your life? If I got this, this would be an early birthday present. Don't expect anything else. This is enough. We went and looked at it, fell in love with it, put an offer in on the place, and he brought [sic] me the money. He said, if this is what you want to do, let's—we'll go into it.

Appellant testified he did not purchase the property as a gift for appellee. Appellant explained he purchased the property so he could start a horse ranch for him and his son to raise and train horses. This conflict is a question of the credibility of the witnesses. As the trial court is vested with the duty of resolving conflicts in the evidence and determining the weight of the evidence, we defer to the trial court's ruling on this issue. Because the trial court found appellant made a gift of one-half the Burton property to appellee, we conclude the trial court chose to believe appellee's testimony over appellant's testimony. Thus, the testimonial evidence presented at trial weighs in favor of finding a gift.

Additionally, the evidence shows two pieces of property were bought during the marriage: the Burton property and the Jersey Lane property. The cash warranty

deed for the Burton property listed both parties as grantees, while the deed for the Jersey Lane property only listed appellant as the grantee. Viewed in the light most favorable to the contested finding, this is evidence appellant intended the Burton property to be a gift to appellee; while keeping the Jersey Lane property separate.

We have reviewed all of the evidence in the light most favorable to the gift finding and conclude that a reasonable trier of fact could have formed a firm belief a gift was intended. *See In re J.F.C.,* 96 S.W.3d 256, 266 (Tex.2002). We have assumed the trial court resolved disputed facts in favor of the gifts and a reasonable fact finder could do so. *Id.* We have disregarded all evidence that a reasonable fact finder could have disbelieved or found to be incredible. *Id.* We therefore conclude the evidence is legally sufficient. *Id.* Accordingly, we overrule appellant's issue challenging the sufficiency of the evidence.

### CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

KEM THOMPSON FROST, Justice, concurring.

This court correctly holds that the trial court did not err in awarding a one-half interest in the Burton property to appellee Bonny Caye Harrison as her separate property; however, the court need not and should not discuss what evidence is necessary to rebut the presumption that appellant Luke Wayne Harrison intended to gift this property interest to Bonny.

When a spouse uses separate-property consideration to pay for land acquired during the marriage and title to the land is taken in the name of both spouses, it is presumed the spouse purchasing the property intended the interest placed in the other spouse to be a gift. *Cockerham v. Cockerham,* 527 S.W.2d 162, 168 (Tex. 1975). This presumption, however, can be rebutted by evidence clearly establishing there was no intention to make a gift. *Id.* Luke used his separate property to buy the Burton property during marriage, and title to the land was taken in the names of both Luke and Bonny. Therefore, there was a presumption that Luke intended a gift to Bonny of a one-half interest in the Burton property. *See id.* If Luke did not rebut this presumption, then the trial court did not err in finding that Luke intended to gift this property interest to Bonny. If Luke did rebut this presumption, there still is legally sufficient evidence to support the trial court's finding that Luke intended to gift this property interest to Bonny.[1] Therefore, this court need not address whether the presumption of gift was rebutted, and the majority's discussion of this issue constitutes obiter dicta.

The majority states that the cases are inconsistent as to what constitutes "evidence clearly establishing there was no intention to make a gift" such that the presumption is rebutted. *Id.* However, research reveals no inconsistency in cases either from the Supreme Court of Texas or this court. *See id.; Carter v. Carter,* 736 S.W.2d 775, 781 (Tex.App.-Houston [14th Dist.] 1987, no writ). To the extent cases from other courts of appeals conflict with cases from the Supreme Court of Texas

---

1. Considering the evidence in the light most favorable to the challenged finding, indulging every reasonable inference that would support the finding, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not, the evidence at trial would enable reasonable and fair-minded people to find that Luke intended to gift this property interest to Bonny. *See City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex.2005).

and this court, this court must follow the latter binding precedent. *See Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex.App.-Houston [14th Dist.] 2010, no pet.). If rebuttal of the presumption were necessary to the disposition of this appeal, a discussion of any conflicting opinions from other courts of appeals might be warranted. However, given the diverse fact patterns and types of testimony with which parties might try to rebut the presumption and given that this issue is not necessary to determine the appeal, the better course is to leave this issue for another day.

For this reason, I respectfully decline to join the majority opinion, but I concur in the court's judgment.