Affirmed and Majority and Concurring
Opinions filed August 31, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00470-CV



Luke Wayne
Harrison, Appellant 

v.

Bonny Caye
Harrison, Appellee 



On Appeal from
the County Court at Law

Washington County, Texas

Trial Court
Cause No. CCL5757



 

MAJORITY OPINION 

This is an appeal from a final decree of divorce. 
Appellant, Luke Wayne Harrison, contends the trial court erred by awarding a
one-half interest in a certain piece of real property to his ex-wife, appellee,
Bonny Caye Harrison.  Appellant argues the evidence does not support the trial
court’s finding appellant made a gift of one-half of the property to appellee.[1]  We
disagree and affirm the trial court’s judgment. 

Factual and Procedural Background

Appellant and Appellee were married on November 16,
2006.  During their marriage, appellant purchased 2 pieces of real
property: one located in Burton, Texas (the Burton property) and another
located on Jersey Lane in Brenham, Texas (the Jersey Lane property).  Appellant
purchased the Burton property in the month of March—appellee’s birth month. 
Appellee testified appellant told her he was buying the Burton property as a
birthday gift for her.  Appellant used funds he received from a personal injury
settlement to purchase the Burton property.  The cash warranty deed for the
Burton property listed the grantees as Luke W. Harrison (appellant) and Bonny
C. Harrison (appellee).  Appellant testified that he did not purchase the
Burton property as a gift for appellee’s birthday; instead, he purchased it to
start a horse training business.  

Appellant also purchased the Jersey Lane property
with funds he received from the personal injury settlement.  Unlike the Burton
property deed, the Jersey Lane property deed listed appellant as the only
grantee.  The trial court’s award of a one-half interest in the Burton property
to appellee is the only issue in dispute.      

In the divorce decree, the trial court awarded a
one-half separate property interest in the Burton property to both parties.  In
its findings of fact, the trial court found appellant made a gift of a one-half
interest in the Burton property to appellee during the marriage.  The court
also found appellant retained a one-half interest in the Burton property.    

On appeal, appellant contends the trial court erred
by awarding the Burton property to appellee because (1) there is no writing
conveying the Burton property to appellee, as required by the statute of
frauds; and (2) there is no evidence supporting the finding of a gift.  

Discussion

I.         Standard of Review

            When
reviewing a no evidence, or legal sufficiency, challenge, we review the
evidence in the light most favorable to the challenged findings and indulge
every reasonable inference that would support it.  City of Keller v. Wilson,
168 S.W.3d 802, 822 (Tex. 2005).  We credit favorable evidence if a reasonable
fact finder could, and disregard contrary evidence unless a reasonable fact
finder could not.  Id. at 827.  The evidence is legally sufficient if it
would enable fair-minded people to reach the verdict under review.  Id. 
The trier of fact is the sole judge of the witnesses’ credibility and the weight
to be given to their testimony.  Id. at 819.  This court cannot
substitute our judgment for that of the trier of fact, so long as the evidence
falls within the zone of reasonable disagreement.  Id. at 822.  But if
the evidence allows only one inference, neither jurors nor the reviewing court
may disregard it.  Id.  

II.        Presumptions


            All
property possessed by either spouse during or on the dissolution of the
marriage is presumed community property.  See Tex. Fam. Code Ann. §
3.003(a) (Vernon 2006).  It is a rebuttable presumption, requiring a spouse
claiming assets as separate property to establish his or her separate character
by clear and convincing evidence.  See id. § 3.003(b).  Property owned
before marriage, or acquired during marriage by gift, devise or descent, is
separate property.  See id. § 3.001.  Where an asset is purchased during
marriage with monies traceable to a spouse’s separate estate, the asset may
appropriately be characterized as separate property.  Pace v. Pace, 160
S.W.3d 706, 711 (Tex. App.—Dallas 2005, pet. denied).

            A
second presumption arises from the facts here.  Where one spouse uses separate
funds to purchase property during marriage and takes title to the property in
joint names, we presume a gift to the spouse is intended.  Cockerham v.
Cockerham, 527 S.W.2d 162, 168 (Tex. 1975).  This presumption may be
rebutted by evidence establishing no gift was intended.  Id.  A
rebuttable presumption shifts the burden of producing evidence to the party
against whom it operates.  Gen. Motors Corp. v. Saenz, 873 S.W.2d 353,
359 (Tex. 1993).  Once the burden is discharged and evidence contradicting the
presumption has been offered, the presumption disappears and is not weighed or
treated as evidence.  Id.  

III.      Analysis

            A.        Statute
of Frauds

            Appellant
contends because there is no writing conveying the property from him to
appellee, any finding of appellee’s ownership runs afoul of the statute of
frauds.  See Tex. Bus. & Com. Code Ann. § 26.01(b)(4) (Vernon 2009).
 The statute of frauds requires a contract for the sale of real estate to be in
writing and signed by the person to be charged with the contract or by someone
lawfully authorized to sign for him in order for the contract to be
enforceable.  See id.  The Burton property cash warranty deed entered
into evidence establishes the Burton property was conveyed from “Walter Carl Hinze and Deborah Lee
Hinze” on March 3, 2008 to “Luke
W. Harrison and Bonny C. Harrison”. 
The deed is signed by the parties to be charged: Walter Carl Hinze and Deborah
Lee Hinze.  This deed satisfies the requirements of the statute of frauds. 
Because the Burton property was initially conveyed to appellant and
appellee, there is no need for another document conveying the property from
appellant to appellee.  Appellant’s argument regarding the statute of frauds is
without merit and is overruled.  

            B.        Sufficiency
of the Evidence

            The
parties do not dispute appellant purchased the Burton property with separate
funds.  Appellant received the funds from a personal injury settlement.  See
Tex. Fam. Code Ann. § 3.001(3) (Vernon 2006) (“[a] spouse’s separate property
consists of: (3) the recovery for personal injuries sustained by the spouse
during marriage, except any recovery for loss of earning capacity during
marriage”).  Thus, we must address whether appellant rebutted the presumption
he intended to make a gift to appellee when he put the Burton property in both
of their names.  

            The
testimony from the parties is conflicting: (1) appellee testified appellant
gave her the property as a birthday gift; and (2) appellant testified he
purchased the property to start a horse training business.  In its findings of
fact, the trial court found appellant made a gift to appellee of one-half the
Burton property.  The cases applying this presumption are inconsistent as to
what it takes to rebut the presumption.  See Cockerham, 527
S.W.2d at 168 (holding presumption rebutted where wife testified she paid little
attention to the property, never saw the deed, and husband testified he merely
thought of the property acquisition as a business opportunity); Purser v.
Purser, 604 S.W.2d 411, 414 (Tex. Civ. App.—Texarkana 1980, no writ)
(holding presumption not rebutted where husband testified he did not intend to
make a gift to his wife, but that he read the deed containing wife’s name and
did not dispute); In re Marriage of Morris, 12 S.W.3d 877, 883 (Tex.
App.—Texarkana 2000, no pet.) (holding presumption not rebutted where husband
testified he placed wife’s name on deed only in interest of marital harmony); Long
v. Long, 234 S.W.3d 34, 40 (Tex. App.—El Paso 2007, pet. denied) (holding
presumption “vanished” where husband testified he did not intend to make a
gift).  

            We
conclude appellant rebutted the presumption by testifying he did not intend to
make a gift and by providing an alternative reason for purchasing the
property.  This conclusion, however, is not dispositive of the appeal.  As
stated above, after the burden is discharged and evidence contradicting the
presumption has been offered, the presumption disappears and is not weighed or
treated as evidence.  Gen. Motors Corp., 873 S.W.2d at 359.  The
evidence is then evaluated as it would be in any other case, and the
presumption has no effect on the burden of persuasion.  Long, 234 S.W.3d
at 37.  

            Appellee
testified appellant gave her the Burton property as a gift so she could reside
there the rest of her life and raise her children.  She explained appellant
bought her the property as a birthday gift during her birthday month.  During
cross-examination appellant’s counsel asked appellee how she was presented with
the gift and she responded as follows:

A: We went out and looked at it. 
He [appellant] was like, are you happy with this?  Is this something you would
want to live in for the rest of your life?  If I got this, this would be an
early birthday present.  Don’t expect anything else.  This is enough.  We went
and looked at it, fell in love with it, put an offer in on the place, and he
brought [sic] me the money.  He said, if this is what you want to do, let’s —
we’ll go into it.        

Appellant
testified he did not purchase the property as a gift for appellee.  Appellant
explained he purchased the property so he could start a horse ranch for him and
his son to raise and train horses.  This conflict is a question of the
credibility of the witnesses.  As the trial court is vested with the duty of
resolving conflicts in the evidence and determining the weight of the evidence,
we defer to the trial court’s ruling on this issue.  Because the trial court
found appellant made a gift of one-half the Burton property to appellee, we
conclude the trial court chose to believe appellee’s testimony over appellant’s
testimony.  Thus, the testimonial evidence presented at trial weighs in favor
of finding a gift.            

            Additionally,
the evidence shows two pieces of property were bought during the marriage: the
Burton property and the Jersey Lane property.  The cash warranty deed for the
Burton property listed both parties as grantees, while the deed for the Jersey
Lane property only listed appellant as the grantee.  Viewed in the light most
favorable to the contested finding, this is evidence appellant intended the
Burton property to be a gift to appellee; while keeping the Jersey Lane
property separate.

            We
have reviewed all of the evidence in the light most favorable to the gift
finding and conclude that a reasonable trier of fact could have formed a firm
belief a gift was intended.  See In re J.F.C., 96 S.W.3d 256, 266 (Tex.
2002).  We have assumed the trial court resolved disputed facts in favor of the
gifts and a reasonable fact finder could do so.  Id.  We have
disregarded all evidence that a reasonable fact finder could have disbelieved
or found to be incredible.  Id.  We therefore conclude the evidence is
legally sufficient.  Id.  Accordingly, we overrule appellant’s issue
challenging the sufficiency of the evidence.  

Conclusion

            Having
overruled all of appellant’s issues, we affirm the trial court’s judgment.  

             








                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Seymore. (Frost, J., Concurring.)

 

 









[1]
In his first issue, appellant contends he timely filed his brief, despite
appellee’s contention it was not.  This court previously resolved this issue by
denying appellee’s motion to strike appellant’s brief and motion to dismiss and
therefore we need not address appellant’s first issue here.