

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-24-00123-CV

IN THE MATTER OF THE MARRIAGE OF CARLOS WOOLF
AND MARIA CRISTINA WOOLF

On Appeal from the 455th District Court
Travis County, Texas[1]
Trial Court No. D-1-FM-22-008780, Honorable J. Andrew Hathcock, Presiding

October 7, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Carlos Woolf appeals from a final decree of divorce from Maria Cristina Woolf, contending that the trial court erred in determining that each party owned a one-half interest in their home as separate property. We affirm.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001.

BACKGROUND

Carlos and Maria married on November 28, 2016.[2]  Prior to the parties' marriage, Carlos owned a house in Austin.  Carlos sold his house in 2021 and the proceeds from the sale were used to purchase a house in Del Rio on June 25, 2021.  The evidence is undisputed that the Del Rio house was paid for, in full, with Carlos's separate funds.  The deed to the Del Rio house identifies both Carlos and Maria as grantees.

Carlos filed suit for divorce on November 28, 2022.  The case proceeded to a bench trial in September of 2023.  The sole issue before the court was whether, by taking title to the Del Rio property in the names of both spouses, Carlos had made a gift to Maria of one-half interest in the property.  The trial court found that he had and entered judgment accordingly.  Carlos brought this appeal.

## ANALYSIS

In his single issue on appeal, Carlos asserts that the evidence is insufficient to support the trial court's conclusion that he gifted a one-half interest in the property to Maria.  We review the trial court's characterization of property on dissolution of marriage for an abuse of discretion.  *In the Matter of the Marriage of Skarda*, 345 S.W.3d 665, 671 (Tex. App.—Amarillo 2011, no pet.).  As in other family law cases, the abuse of discretion standard and traditional sufficiency standards of review overlap.  *See Sink v. Sink*, 364 S.W.3d 340, 344 (Tex. App.—Dallas 2012, no pet.).  In these cases, legal and factual insufficiency are not independent grounds of error but are relevant factors in assessing

---

[2] We refer to the parties by their first names to avoid confusion.

whether the trial court abused its discretion. *See Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.). In determining whether the trial court abused its discretion, we therefore consider whether the court had sufficient evidence upon which to exercise its discretion and, if so, whether it erred in the application of that discretion. *Id.*

When an asset is purchased during marriage with monies traceable to a spouse's separate estate, the asset may appropriately be characterized as separate property. *Pace v. Pace*, 160 S.W.3d 706, 711 (Tex. App.—Dallas 2005, pet. denied). However, when a spouse uses separate property to acquire property during marriage and takes title to the property in the names of both the husband and wife, it is presumed that the interest placed in the nonpurchasing spouse is that of a gift. *Cockerham v. Cockerham*, 527 S.W.2d 162, 167–68 (Tex. 1975). This presumption may be rebutted by evidence clearly establishing that there was no intention to make a gift. *Id.*; *Whorrall v. Whorrall*, 691 S.W.2d 32, 35 (Tex. App.—Austin 1985, writ dism'd w.o.j.). The burden is on the grantor spouse to produce evidence establishing there was no intention to make a gift. *See Harrison v. Harrison*, 321 S.W.3d 899, 902 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("A rebuttable presumption shifts the burden of producing evidence to the party against whom it operates.").

At trial, Carlos was asked why he put Maria's name on the deed, to which he answered, "Why, because I was married to the lady." He testified that including Maria on the deed was required by the title company and that he "didn't have a choice." However, he also testified that he could have put the house in his name only if he had wanted to do so. Carlos said that he never told Maria that he was gifting half of the property to her.

3

Maria acknowledged that she did not have a letter, card, or email from Carlos stating that the house was a gift to her. However, she testified that Carlos referred to the house as "our house," and did not say it belonged to him but not to her. She testified that Carlos "always said that [the house] was for both of us since we bought it . . . ." Maria stated that she had family in Del Rio and Carlos had family nearby, in Acuña. She further testified that the couple chose the house together, furnished it together, and "were doing fine living together" until they separated. When asked why she believed that Carlos intended to make a gift of the property to her, Maria answered, "Because we were married and the intention was to end up our lives [sic] together until we were old living there." Maria stated that Carlos paid all the insurance and taxes on the house and that the policy of title insurance lists her as an owner.

Only one other witness, Claudia Sanchez-Hernandez, testified at trial. Maria was a longtime client of Sanchez, a nail technician. Sanchez testified that Carlos would sometimes accompany Maria on her appointments and that the couple told Sanchez about their purchase of a home in Del Rio. According to Sanchez, Carlos stated that "he was buying [the house] for both of them" but he did not use the word "gift."

Here, the parties agreed that the Del Rio house was purchased with Carlos's separate property funds. The issue, therefore, does not concern tracing but rather whether Carlos overcame the presumption that he made a gift of the property to Maria by taking title to the property in both spouses' names. Whether property given by one spouse to the other is a gift, and consequently the recipient's separate property, is a fact-intensive determination. *Skarda*, 345 S.W.3d at 671. The trial court is in the best position to observe the witnesses and their demeanor. *Gerges v. Gerges*, 601 S.W.3d 46, 54 (Tex.

4

App.—El Paso 2020, no pet.). When a husband or wife testifies in a divorce action, the factfinder is charged with determining their credibility and the weight to be given their testimony. TEX. FAM. CODE ANN. § 6.704(b). The trial court may consider all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or part of that testimony. *Hatteberg v. Hatteberg*, 933 S.W.2d 522, 530 (Tex. App.—Houston [1st Dist.] 1994, no writ).

At the outset of trial, the presumption was that Maria had received a one-half interest in the Del Rio house by gift. At trial, a presumption operates to establish a fact until rebutted. *Chavez v. Kan. City S. Ry. Co.*, 520 S.W.3d 898, 899 (Tex. 2017) (per curiam). To rebut the presumption, Carlos had the burden to produce evidence that he did not intend to make a gift to Maria. On appeal, Carlos highlights his testimony that he included Maria on the deed because the title company required it. Carlos suggests that this evidence overcomes the presumption. We disagree with his conclusion. First, Carlos admitted on cross-examination that he could have taken the property in his name alone if he had wanted to do so, thus contradicting his statement that he was required to include Maria's name. Second, even if a title company representative informed him that he was required to include Maria on the deed, such an instruction does not negate an intent by Carlos to give Maria an ownership interest in the house. Furthermore, Carlos acknowledged that he never referred to the house as "his," but instead "always" referred to it as "our home," which supports the presumption of a gift.

Having reviewed the record and deferring to the trial court's role as the factfinder in making reasonable credibility determinations, we are unable to say that the trial court abused its discretion in concluding that the evidence did not "clearly establish[] there was

5

no intention to make a gift." *See Cockerham*, 527 S.W.2d at 167–68; *see also Rivers v. Rivers*, No. 03-17-00690-CV, 2018 Tex. App. LEXIS 10465, at *3 (Tex. App.—Austin Dec. 19, 2018, no pet.) (mem. op.) (wife's testimony that she thought that husband was going to pay her back failed to overcome presumption of intent to gift property to husband); *In re Morris*, 12 S.W.3d 877, 883 (Tex. App.—Texarkana 2000, no pet.) (presumption not rebutted where husband testified he did not intend to give wife an interest in property and placed her name on deed only in interest of marital harmony); *Purser v. Purser*, 604 S.W.2d 411, 414 (Tex. Civ. App.—Texarkana 1980, no writ) (presumption not rebutted where husband testified he did not intend to make gift to wife, but he read deed containing wife's name and did not dispute it). Therefore, we affirm the trial court's order.

## CONCLUSION

Having overruled Carlos's sole issue on appeal, we affirm the judgment of the trial court.

Judy C. Parker<br>
Justice